Mathews, J.
delivered the opinion of the Court. This suit was brought by Brand, the ap-pellee, in the Court below to recover the amount due to him, on a contract made with the appellants, as members of the committee of administration for managing and overseeing the building of the Orleans play-house. This contract or agreement prays to be considered as making a part Petetion> and also an account on which lie claims a balance of $1000. , The account is stat ed according toan admeasurement ot the building, made at his instance, without any authorisation of the Court. After the commencement of the action he moved to have experts appointed, to measure the work ', which was accordingly alone : and it is agreed that their report fixes the true extent of the walls of the house and all other work and labour done and performed by the appellee, under his agreement above mentioned. . No difficulty could possibly arise in the decision of this cause, were it not for the confusion created by the appellee, in.his' petition ; having founded his action, both on the contract and on his account thus stated ; which differs in the estimation of the work from that laid down in the first article of the agreement. It appears from the facts in this case that the completion of the play-house, w;as arrested and stopped by accidents not within the control of either of the contracting parties ; and that, if the com *609 tract has been fully carried into effect, there *s no blame imputable to Brand ; and he is legally entitled to the benefit of all the stipulations it contains, so far as he has complied with the obligations created by it, on his parti By the 1st article (the only one on which any dispute has arisen) he binds himself to build the “walls of the house of country bricks, and to plaster, them, wherever designated by Mr. Latour, and" for every toise of thirty-six feet square French measure, and one and a half brick thick, he is to receive twenty-three dollars.” Now, it is clear from this article that Brandis entitled to receive 823 per toise, for the walls contracted and plastered, in any manner designated by Latour; he would be entitled to no more should he have been required to plaster them entirely, and is equally entitled to this sum, if not required to plaster them in any part. But in his petition he put an account wherein he claimsi only $20 per toise for constructing the walls, and 83 for that part of them which he plastered t and the only question is whether the filing of this account deprives him of the benefit of his contract. To give it this effect, it must be considered as an explanation of an agreement which is doubtful, a new contract, or a relinquishment on the part of the appellee, under the old one. It cannó't be considered as explanatory of that which is doubtful in the agreement; because the instrument is sufficiently explicit in itself; nor can it be viewedus a *610 new contract; for there is no consent of parties to it: and we do not think, that it amounts to such a relinquishment as ought to conclude-him; because he demands more in his petition, than is given by the j udgment of the District Court, The demand being for more than the verdict and judgment, renders it unnecessary for us to enquire how far a plaintiff, according to the principles of the Civil law, is entitled to recover more than he prays for in his petition when he proves himself entitled to it. Upon the whole, we are of opinion, that this cause ought to be decided by the notarial contract of the parties ; and that according to its stipulations, the appellee, has not recovered too much.
It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed with costs.